T.C. Memo. 2017-158

UNITED STATES TAX COURT

LOSANTIVILLE COUNTRY CLUB, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6105-15.                          Filed August 14, 2017.

<u>Terry Serena</u>, for petitioner.

<u>Robin Williams Denick</u>, <u>Casey A. Lothamer,</u> and <u>Louis H. Hill</u>, for

respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  The issues for decision relating to 2010, 2011, and 2012

(years in issue) are whether petitioner's investment income is unrelated business

taxable income and whether petitioner is liable for section 6662(a) accuracy-

**[\*2]** related penalties.[1]  The parties submitted this case fully stipulated pursuant to Rule 122.

## Background

Petitioner is a section 501(c)(7) social club incorporated in Ohio.  Its facilities include an 18-hole golf course, a swimming pool, tennis courts, dining facilities, meeting and reception rooms, and associated grounds maintained for the benefit of members and guests.  Members pay for the use of petitioner's facilities through dues, assessments, food minimums, and miscellaneous fees.[2] Nonmembers pay surcharges to use petitioner's facilities.

For every year since it was founded in 2002, petitioner has filed a Form 990-T, Exempt Organization Business Income Tax Return.  On its Forms 990-T petitioner reported gross receipts, direct expenses (i.e., costs of goods sold), and indirect expenses (i.e., salaries and wages, employee benefits, repairs, depreciation, grounds maintenance, supplies, and general and administrative expenses) relating to its nonmember sales activities.  At all relevant times,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code relating to the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Pursuant to sec. 501(c)(7), payments petitioner received from its members are exempt from tax.

**[*3]** petitioner computed the indirect expenses relating to its nonmember sales using the gross-to-gross allocation method. Pursuant to the gross-to-gross allocation method, petitioner used the ratio of nonmember sales to total sales to determine what portion of indirect expenses was attributable to nonmember sales. For 2010, 2011, and 2012 petitioner's net losses relating to nonmember sales were $112,365, $93,524, and $99,522, respectively. In addition to nonmember sales income, petitioner reported on its 2010, 2011, and 2012 Forms 990-T investment income (i.e., interest and dividends) of $30,723, $7,274, and $7,340, respectively.

Petitioner filed its Forms 990-T relating to 2010, 2011, and 2012 on October 24, 2011, July 9, 2012, and June 27, 2013, respectively. Petitioner filed, on July 8, 2013, an amended 2010 Form 990-T. On its amended 2010 Form 990-T and its original 2011 and 2012 Forms 990-T petitioner offset its investment income with losses attributable to its nonmember sales and reported that it did not have unrelated business taxable income (UBTI). Petitioner's accountants prepared the aforementioned forms. In preparing and filing these forms, petitioner and its accountants were aware that, pursuant to Portland Golf Club v. Commissioner, 497 U.S. 154 (1990), losses from nonmember sales may offset investment income only if the sales were entered into for profit.

**[*4]** In a notice of deficiency issued on February 6, 2015, respondent determined petitioner's nonmember sales activities were not entered into for profit, these sales could not offset petitioner's investment income, and petitioner's investment income was unrelated business taxable income. Respondent determined deficiencies of $4,458, $941, and $941 relating to 2010, 2011, and 2012, respectively, and determined section 6662 penalties of $892, $188, and $188 relating to 2010, 2011, and 2012, respectively. Petitioner, whose principal place of business was Ohio, timely filed a petition with the Court on March 4, 2015.

## Discussion

Pursuant to sections 511(a)(1) and 512(a)(1), tax-exempt organizations must pay Federal income tax on their UBTI. For most exempt organizations, UBTI is limited to income derived from any unrelated trade or business. See sec. 512(a)(1). UBTI relating to section 501(c)(7) organizations includes investment income. See sec. 512(a)(3); Portland Golf Club v. Commissioner, 497 U.S. at 161. Expenses in excess of unrelated business income are deductible only to the extent that the section 501(c)(7) organization intended to profit from its unrelated business activities. See sec. 162; Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). Thus, petitioner may offset investment income with losses incurred in sales to nonmembers only if its nonmember sales were motivated by an intent to

[*5] profit.  See Portland Golf Club v. Commissioner, 497 U.S. at 163-164.[3]  To prove its intent to profit, petitioner must establish that its gross receipts from nonmember sales exceeded the direct and indirect costs relating to these sales.  See id. at 166.  Pursuant to the gross-to-gross method, petitioner sustained losses relating to nonmember sales during the years in issue.

We reject petitioner's contention that its intent to profit may be established by the factors set forth in section 1.183-2(b), Income Tax Regs.  Section 183 and the regulations thereunder are not applicable to section 501(c)(7) organizations.  See sec. 183; sec. 1.183-1(a) Income Tax Regs.  Because petitioner did not intend to profit from its nonmember sales, it may not offset its investment income with losses relating to these sales.

Respondent determined and established that petitioner is liable for section 6662(a) and (b)(1) accuracy-related penalties for negligence relating to 2010, 2011, and 2012.  Petitioner failed to exercise due care in the preparation of its returns.  See secs. 6662, 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001); sec. 1.6662-3(b)(1), Income Tax Regs.  Petitioner's 2010, 2011, and 2012

_____

[3]Petitioner has the burden of proof relating to an issue unless it introduces credible evidence with respect to that issue.  See sec. 7491(a).  Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial.  See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

**[*6]** returns were prepared by professionals. There is no evidence, however, that the preparers had sufficient expertise to justify reliance, that petitioner provided them with necessary and accurate information, or that petitioner relied in good faith on the preparers' judgment. See sec. 6664(c)(1); Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs. To the contrary, petitioner stipulated that it and its accountants were aware of the Portland Golf Club, precedent. Thus petitioner's returns were not prepared in good faith and petitioner did not have reasonable cause for the underpayments. See sec. 6664(c)(1). Accordingly, we sustain respondent's determination relating to the section 6662(a) penalties.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.